Johnie A. McLeod City Attorney Apopka
QUESTION:
Is a municipality authorized to grant a tax-exempt occupational license to a qualified disabled war veteran for the operation of more than one taxicab?
SUMMARY:
A municipality is not authorized to grant tax-exempt occupational license to qualified disabled war veteran for operation of more than one taxicab under Local Occupational License Tax Act under s.205.171, F. S.
Section 205.171(1), F. S., grants an exemption not to exceed $50 from municipal occupational license taxes to permanent Florida resident electors who qualify as disabled war veterans under the terms and conditions prescribed by that section and who engage in any business or occupation in Florida which may be carried on mainly through the personal efforts of such licensee as a means of livelihood and otherwise meet the requirements of the statute.
Section 205.171(3), F. S., requires each municipality to issue to each person entitled thereto pursuant to s. 205.171 an occupational license subject to the prescribed conditions and upon making proof that the applicant is entitled under the conditions of that law to receive the exemption therein provided for. Section205.171(1), F. S., in pertinent part provides:
 . . . The exemption heretofore referred to shall extend to and include the right of licensee to operate an
automobile-for-hire of not exceeding five-passenger capacity, including the driver, when it shall be made to appear that such automobile is bona fide owned, or contracted to be purchased by the licensee and is being operated by him as a means of livelihood and that the proper license tax for the operation of such motor vehicle for private use has been applied for and attached to said motor vehicle and the proper fees therefor paid by the licensee. (Emphasis supplied.)
When a statute purports to grant an exemption from taxation, the universal rule of construction is that the tax exemption provision is to be construed strictly against the one who asserts the claim of exemption. (51 Am. Jur. Taxation s. 524, Steuart v. State,161 So. 378; Lummus v. Florida Adirondack School, 168 So. 232.) In the above-quoted part of s. 205.171(1), F. S., reference is made to `an automobile-for-hire of not exceeding five-passenger capacity,including the driver.' Reference is also made to the automobile `being operated by him' (`him' being licensee). These references are in the singular and, as such, represent words of limitation. In the phrase `as a means of livelihood,' `a' is used as a singular adjective modifying `means.' Throughout the statute `livelihood' is used synonymously with business or occupation.
Use of such phrases strongly evidences an intention by the Legislature that, for purposes of the local occupational license tax exemption for disabled veterans, the operation of one
auto-for-hire be considered a `business or occupation.' Accord: Attorney General Opinion 053-54, Biennial Report of the Attorney General, 1953-1954, p. 288, answering in the negative the question: May a County Tax Collector issue a tax-exempt occupational license under s. 206.16, F. S., to a qualified disabled war veteran for the operation of more than one automobile-for-hire.
In AGO 051-282, Biennial Report of the Attorney General, 1951-1952, p. 326, mention is made of this office's view that the Legislature intended to extend the exemption to the business of the disabled veteran and not to single occupational licenses. The reasoning behind this view is that, in many instances, the operation of a single business may require several types of occupational licenses. Where more than one license is required for the operation of a single business, a credit on the gross amount of the several licenses, up to an including $50, should be granted by the exemption. Therefore, where more than one license is required for the single business operated by the veteran, the exemption may be extended to such licenses so long as no more than one business is to be operated.
Several times this office has held that the exemption may not be applied to more than one business of the veteran (see 1929-1930 Biennial Report, p. 180; 1931-1932 Biennial Report, p. 772).
Attorney General Opinion 051-282 in pertinent part reads:
 . . . We doubt that the direction of a large business employing many persons who are depended upon to perform the services necessary would qualify the business for exemption from a license. The main operation of the business must be carried on through the personal efforts of the licensee; although employees may aid and assist in the operation of the said business. The operation of a single taxi cab by a veteran is clearly within the statute, but we doubt that the operation of a large fleet of taxi cabs would be. The business of the operation of the single taxi cab may be carried on through the personal efforts of the licensee, but were there a large fleet the main part of the business would of necessity be carried on by others.
One of the main requirements for the exemption is that the business or occupation engaged in must be one `which may be carried on mainly through the personal efforts of the licensee as a means of livelihood.' This wording makes it apparent that the statute was designed to aid in the rehabilitation of disabled war veterans and to enable them to become self-supporting. The Legislature doubtless had in mind the small businesses that may be operated through the personal efforts of one person, a person unable to perform manual labor as the term is generally or usually understood.
To say that a municipality is authorized to grant a tax-exempt occupational license to a qualified disabled war veteran for the operation of more than one taxicab is to go beyond the wording of s. 205.171, F. S. To go beyond the wording of the statute is to go beyond the intention of the legislators.
Accordingly, your question is answered in the negative.
Prepared by: Joseph C. Mellichamp III, Assistant Attorney General